UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
AMERICAN FEDERATION OF LABOR    )
AND CONGRESS OF INDUSTRIAL      )
ORGANIZATIONS                   )
815 Sixteenth Street, NW        )
Washington, DC 20006,           )
                                )
            Plaintiff,     )
                                )
v.                              )   Civil Action No. _____
                                )
ELAINE L. CHAO                  )
United States Secretary of Labor )
200 Constitution Avenue, NW     )
Washington, DC 20210,           )
                                )
           Defendant.     )
_____)

## COMPLAINT

1. This is an action for review of agency rule making under the Administrative Procedure Act. Plaintiff asks this Court to hold unlawful and set aside the final rule entitled "Labor Organization Annual Financial Reports for Trusts in Which a Labor Organization Is Interested, Form T-1" issued by defendant Secretary of Labor on September 29, 2006, 71 Fed. Reg. 57716 (amending 29 C.F.R. § 403.2).

## JURISDICTION AND VENUE

2. This Court has authority to review the defendant Secretary of Labor's issuance of a final rule under the Administrative Procedure Act, 5 U.S.C. §§ 702 and 704, and jurisdiction over this action seeking such review pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(e) in that defendant's headquarters are located in this district, the challenged rule was issued in this district, and plaintiff AFL-CIO is headquartered in this district.

## PARTIES

4. Plaintiff American Federation of Labor and Congress of Industrial Organizations ("AFL-CIO") is a federation of 53 national and international labor organizations that have a total membership of some 9 million working men and women. The AFL-CIO brings this action on its own behalf and on behalf of its member unions and their affiliated local unions.

5. Plaintiff AFL-CIO is subject to the Labor-Management Reporting and Disclosure Act of 1959, as amended ("LMRDA"), 29 U.S.C. §§ 401 *et seq.*, and has total annual receipts in excess of $250,000. Plaintiff is therefore required to file a Form LM-2 report disclosing its financial condition and operations. Plaintiff is also required under the challenged rule to file Form T-1 Trust Annual Reports

disclosing detailed financial information about certain trusts in which the plaintiff is interested.

6. Plaintiff AFL-CIO's member national and international labor unions and many of those unions' affiliated local unions are labor organizations subject to the LMRDA, have total annual receipts in excess of $250,000 and are, therefore, required to file Form LM-2 financial reports. These labor organizations are also required under the challenged rule to file Form T-1 Trust Annual Reports on certain trusts in which they are interested. Plaintiff AFL-CIO has standing to bring this litigation on behalf of such member unions and affiliates.

7. Defendant Elaine L. Chao is the United States Secretary of Labor ("Secretary"). She is sued in her official capacity pursuant to 5 U.S.C. § 703.

## FACTS

8. On December 27, 2002, the Secretary published a notice of proposed rule making in the Federal Register proposing to amend the financial reporting requirements for labor organizations under the Labor Management Reporting and Disclosure Act. 67 Fed. Reg. 79280.

9. One of the proposed amendments was to require each labor organization that must file a Form LM-2 report to also report on certain "trust[s] in which [the] labor organization is interested," as defined in LMRDA § 3(l), using a new Form T-1.

10. On October 9, 2003, the Secretary published in the Federal Register a final rule entitled "Labor Organization Annual Financial Reports." 68 Fed. Reg. 58374 ("2003 final rule"). The 2003 final rule added a new subsection (d) to 29 C.F.R. § 403.2 requiring labor organizations that file Form LM-2 reports to also

> "file a report on a Form T-1 for every trust in which the labor organization is interested, as defined in section 3(l) of the Act, 29 U.S.C. § 402(l), that has gross annual receipts of $250,000 or more, and to which $10,000 or more was contributed during the reporting period by the labor organization or on the labor organization's behalf or as a result of a negotiated agreement to which the labor organization is a party." 68 Fed. Reg. at 58447.

11. The Form T-1 requires detailed reporting of the trust's finances, including its total assets, liabilities, receipts, and disbursements, individual payments to trust officers or employees, itemized information about major receipts and disbursements, and information on certain asset acquisitions or dispositions, liability liquidations, and loans.

12. On May 31, 2005, the United States Court of Appeals for the District of Columbia Circuit vacated the provisions of the 2003 final rule relating to Form T-1 trust reporting on the ground that the Secretary had exceeded her authority by requiring general trust reporting. *AFL-CIO v. Chao*, 409 F.3d 377, 391 (D.C. Cir. 2005).

13. On September 29, 2006, the Secretary published in the Federal Register a final rule entitled "Labor Organization Annual Financial Reports for Trusts in Which a Labor Organization Is Interested, Form T-1." 71 Fed. Reg. 57716 ("2006 final rule"). The 2006 final rule replaces the provisions of the 2003 final rule relating to Form T-1 trust reporting, which were vacated by the District of Columbia Circuit, with a new version of that rule. 29 C.F.R. § 403.2 (d).

14. The Secretary published the 2006 final rule without issuing a new notice of proposed rulemaking and without providing a new opportunity for comment following the vacation of the 2003 final rule. In publishing the 2006 final rule, the Secretary relied upon the 2002 notice of proposed rulemaking and the comments received in response to that notice.

15. The 2006 final rule requires labor organizations that file Form LM-2 reports to also file a Form T-1 report for each trust, as defined in LMRDA § 3(l), where the following conditions are met:

> "(ii) The labor organization's financial contribution to the trust, or a contribution made on its behalf or as a result of a negotiated agreement to which it is a party, was $10,000 or more during the reporting period and the trust had $250,000 or more in annual receipts; *and either*

>"(A) The labor organization, alone or with other labor organizations, appoints or selects a majority of the members of the trust's governing board; *or*
>
>"(B) The labor organization's contributions to the trust, alone or in combination with other labor organizations, constitute greater than 50% of the revenue of the trust during the trust's fiscal year." 71 Fed. Reg. at 57737, revising 29 C.F.R. § 403.2(d).

16.     The stated purpose of the limitations on the Form T-1 trust reporting requirement stated in 29 C.F.R. § 403.2(d)(ii)(A) & (B), as revised by the 2006 final rule, is to limit the scope of the reporting requirement to situations in which the reporting labor organization can exercise either management control or financial domination of the trust.  71 Fed. Reg. at 57724.

17.     The instructions to Form T-1 interpret 29 C.F.R. § 403.2(d)(ii)(B) to mean that "contributions by an employer on behalf of the union's members as required by a collective bargaining agreement are considered to be contributions of the union as are any contributions otherwise made on the union's behalf." 71 Fed. Reg. at 57746.  This interpretation will not be published in the Code of Federal Regulations.  The Secretary nevertheless considers this interpretation to be part of the 2006 final rule, because the instructions to the Form T-1 are contained in an appendix to the final rule.

18. The Secretary has not offered any explanation of how contributions by an employer on behalf of a union's members as required by a collective bargaining agreement can be treated as contributions that provide the union with the means to exercise either management control or financial domination of a trust.

## FIRST CAUSE OF ACTION

19. The promulgation of the 2006 final rule constituted "rule making" within the meaning of the Administrative Procedure Act (APA), 5 U.S.C. § 551(5), and as such, was subject to the notice and comment requirements of APA § 4, 5 U.S.C. § 553.

20. The Secretary's promulgation of the 2006 final rule without issuing a new notice and providing a new opportunity for comments was without observance of procedure required by law.

21. The 2006 final rule should therefore be held unlawful and set aside under the Administrative Procedure Act, 5 U.S.C. § 706(2)(D).

## SECOND CAUSE OF ACTION

22. The 2006 final rule, as interpreted in the Form T-1 instructions appended to the rule, 71 Fed. Reg. at 57746, is arbitrary and capricious in that the Secretary has not offered any explanation of how contributions by an employer on behalf of a union's members as required by a collective bargaining agreement can be treated as contributions that provide the union with the means to exercise either

management control or financial domination of a trust. Nor has the Secretary offered any other adequate explanation of the basis for treating contributions by an employer on behalf of a union's members as required by a collective bargaining agreement as contributions of the union itself.

23. The 2006 final rule, as interpreted in the Form T-1 instructions appended to the rule, 71 Fed. Reg. at 57746, is arbitrary and capricious in that the Secretary's decision to treat contributions by an employer on behalf of a union's members as required by a collective bargaining agreement as contributions of the union itself is not supported by evidence in the rule making record.

24. The 2006 final rule should therefore be held unlawful and set aside under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(a) Hold unlawful and set aside the 2006 final rule; and

(b) Grant such other and further relief as is just and appropriate.

Respectfully submitted,

_____
JONATHAN P. HIATT
(D.C. Bar # 427856)
DEBORAH GREENFIELD
(D.C. Bar # 358317)

JAMES B. COPPESS
(D.C. Bar # 347427)
815 Sixteenth Street, NW
Washington, DC  20006
202-637-5397


_____

LEON DAYAN
(D.C. Bar # 444144)
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth Street, NW
Suite 1000
Washington, DC 20005
(202) 842-2600

*Attorneys for Plaintiff*

06-2009
C
JDB

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

### I (a) PLAINTIFFS
American Federation of Labor and Congress of Industrial Organizations

### DEFENDANTS
Elaine L. Chao

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___11001___ ✓
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jonathan P. Hiatt, Deborah Greenfield, James B. Coppess, AFL-CIO, 815 16th St., N.W., Washington, D.C. 20006 (202)-637-5397

Leon Dayan, Bredoff & Kaiser, PLLC, 805 15th St., N.W. Suite 1000, Washington, D.C. 20005 (202)-842-2600

CASE NUMBER   1:06CV02009

JUDGE: John D. Bates

DECK TYPE: Administrative Agency Review

DATE STAMP: 11/27/2006

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⊙ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**⊙ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)      OR      ○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Challenge, pursuant to 5 U.S.C. sections 702 & 704, to validity of final rule by Sec. of Labor requiring unions to file financial reports on certain "trusts"

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND:  YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 11/27/2006   SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.